UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SIPU JULIUS SULUAI,<br><br>                      Plaintiff,<br><br>    v.<br><br>KING COUNTY,<br><br>                      Defendant. | Case No. C18-1326 JCC-BAT<br><br>**REPORT AND RECOMMENDATION** |

       Before the Court is plaintiff's second 28 U.S.C. § 1983 complaint regarding the same alleged violations. The Court recommends this complaint be dismissed without prejudice as duplicative of the first complaint filed, and for failing to state a claim upon which relief may be granted. If the recommendation is adopted, plaintiff's motion to proceed *in forma pauperis* should be stricken as moot.

## BACKGROUND

**A.**    **The First § 1983 Complaint**

       On August 15, 2018, plaintiff, a King County Regional Justice Center (RJC) detainee, filed his first *pro se* 28 U.S.C. § 1983 civil rights complaint naming as defendants inmate Juan J. Muna and the RJC. Dkt. 5 (C18-1120 RSL). The Court declined to serve the complaint because it was deficient, and granted plaintiff leave to file an amended complaint but plaintiff failed to respond. The first complaint alleged on October 6, 2017, inmate Muna assaulted plaintiff, and

REPORT AND RECOMMENDATION - 1

that jail officer Ivanova did not protect or keep plaintiff safe from the attack. Dkt. 5. Plaintiff was informed he should correct the following deficiencies:

(1) The RJC cannot be sued under § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990). Rather, the proper defendant would be King County, a municipality. For King County to liable plaintiff must show King County itself violated his rights or that it directed its employee to do so. *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1994). King County cannot be held responsible for the acts of its employees under a respondeat superior theory of liability. That is, King County is not liable simply because it employed defendant jail officer Ivanova or operates the RJC. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). Rather, to sue King County, plaintiff must allege facts showing the assault he claims he suffered was the result of a custom or policy of the local governmental unit. *Id.*

(2) A federal civil rights action can only be brought against a state actor, not another jail inmate such as Mr. Muna. *Jensen v. Lane County,* 222 F.3d 570, 574 (9th Cir. 2000).

(3) The complaint also alleges officer Ivanova failed to protect plaintiff or keep him safe. This allegation must be supported by sufficient facts that state a claim upon which relief may be granted that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (citations omitted). Here the complaint alleges a failure to protect. This does not state a claim for relief because as the Supreme Court noted in *Iqbal*, "[a]

REPORT AND RECOMMENDATION - 2

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" *Id.* (citations omitted).

Plaintiff did not file an amended complaint or any other pleading and on September 25, 2018, the Honorable Robert S. Lasnik dismissed the matter without prejudice. *See* Dkts. 8, 9 (RSL case).

**B.    The Second and Present § 1983 Complaint**

On September 6, 2018, plaintiff filed a second § 1983 complaint raising the same claims set forth in the first § 1983 complaint but with less specificity. Dkt. 1. In this complaint, plaintiff again alleges he is at the RJC and was assaulted by inmate Muna on October 6, 2017. *Id.* at 3. Plaintiff alleged King County has a policy that inmates should be under constant supervision for safety reasons and a zero tolerance policy against assault. *Id.* The complaint names King County as the sole defendant. As relief, plaintiff requests "Justice" and charges be filed against inmate Muna. *Id*. at 4.

This complaint fails to state a claim upon which relief may be granted. Although King County may be sued under § 1983, the complaint contains no factual allegation that the County itself violated plaintiff's rights or that it directed its employee to do so. King County is not liable for the acts of its employees under a respondeat superior theory of liability. King County is thus not liable simply because plaintiff was injured in a jail in which county jail officers are employed. In order for King County to be liable, plaintiff must allege facts showing the assault he claims he suffered was the result of a custom or policy of the local governmental unit. The complaint alleges exactly the opposite: that the county has a zero tolerance policy against assault within the jail.

REPORT AND RECOMMENDATION - 3

The complaint also seeks charges be filed against Mr. Muna but a federal civil rights action can only be brought against a state actor, not another jail inmate.

## CONCLUSION

For the reasons above, the Court recommends the present complaint against defendant King County be dismissed **without** prejudice. The dismissal should be without prejudice in light of plaintiff's pro se prisoner status.

This Report and Recommendation is not an appealable order. Plaintiff should therefore not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case. Objections limited to eight pages may be filed no later than **October 23, 2018.** The Clerk should note the matter for **October 26, 2018**, as ready for the District Judge's consideration.

The failure to timely object may affect the right to appeal. The Clerk shall also provide a copy of this report and recommendation to petitioner. The Clerk shall provide this order to plaintiff.

DATED this 9th day of October, 2018.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge