THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SIPU JULIUS SULUAI,

        Plaintiff,

    v.

KING COUNTY,

        Defendant.

CASE NO. C18-1326-JCC

ORDER

This matter comes before the Court on Plaintiff Sipu Julius Suluai's objections (Dkt. No. 8) to United States Magistrate Judge Tsuchida's report and recommendation (Dkt. No. 7) regarding Plaintiff's 42 U.S.C. § 1983 complaint (Dkt. No. 1-1). Having thoroughly considered the report and recommendation, objections, and relevant record, the Court finds oral argument unnecessary and hereby OVERRULES Plaintiff's objections and ADOPTS Judge Tsuchida's report and recommendation.

On August 15, 2018, Plaintiff filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 in which he alleged that an inmate at the King County Regional Justice Center ("RJC"), Mr. Juan Joseph Muna, attacked him and that the on-duty officer failed to keep him safe from this attack. *Sipu Julius Suluai v. Juan Joseph Muna, et al.*, Case No. C18-1120-RSL, Dkt. No. 5 at 3 (W.D. Wash. 2018). Plaintiff named Mr. Muna and the RJC as defendants in that complaint. (*Id.* at 1.) The court declined to serve the complaint because it was deficient—Plaintiff was instructed that

(1) he cannot sue the RJC in a 42 U.S.C. § 1983 claim, (2) the proper defendant, in lieu of the RJC, is King County, and (3) he cannot sue Mr. Muna in a 42 U.S.C. § 1983 claim.[1] *Suluai*, Case No. C18-1120-RSL, Dkt. No. 6. Plaintiff was also informed that when he amended his complaint, he would need to allege facts showing that the alleged assault was the result of a custom or policy of the local governmental unit. *Id.* at 2. Plaintiff did not file an amended complaint and, on September 25, 2018, the court dismissed the case without prejudice. *Suluai*, Case No. C18-1120-RSL, Dkt. No. 8.

On September 6, 2018, Plaintiff filed a second section 1983 complaint raising the same claims set forth in his first section 1983 complaint, except in the second complaint, Plaintiff named King County as a defendant. (Dkt. No. 1-1 at 1.) In this complaint, Plaintiff alleges that the inmate handbook states that the inmates "should be under constant supervision, should be safe, secure and be free from threatening and harassing behavior from other inmates." (*Id.* at 3.) Plaintiff also alleges that "King County has a zero tolerance policy of assault of jail staff or any other person." (*Id.*) Plaintiff seeks charges against Mr. Muna. (*Id.* at 4.)

Judge Tsuchida recommends the Court dismiss Plaintiff's complaint for two reasons. (*See* Dkt. No. 7 at 1.) First, it is duplicative of his first section 1983 complaint. (*Id.*) Second, it fails to state a claim upon which relief can be granted because Plaintiff alleges that King County has a policy of protecting inmates (*id.*), where King County can only be liable if it has a policy or practice to do the opposite. *See Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 694 (1978).

Plaintiff's objections do not address Judge Tsuchida's recommendation. Plaintiff instead

---

[1] Judge Tsuchida's report and recommendation indicates that Plaintiff was also informed that he needed to allege facts showing that the officer failed to protect him. (Dkt. No. 7 at 2–3.) As a minor correction, the Court notes that this proposed amendment did not come until after Plaintiff's time for amendment expired. (*See Suluai*, Case No. C18-1120-RSL, Dkt. Nos. 6, 7.) Here, the Court adopts Judge Tsuchida's report and recommendation, except for its indication that Plaintiff was informed of this proposed amendment at the time he was informed of the deficiency of his complaint.

elaborates on the incident and the harm he suffered. (*See generally* Dkt. No. 8.) Plaintiff indicates that he believes King County should have protected him from the harm, but he does not allege that King County has a policy or practice that violates Plaintiff's rights. (*See id*.) Because Plaintiff's objections are unresponsive to Judge Tsuchida's recommendation, his objections are OVERRULED.

The Court concludes that Plaintiff's complaint fails to state a claim upon which relief can be granted. Plaintiff failed to allege a policy or practice that King County employs that violated Plaintiff's rights. *See Monell*, 436 U.S. at 694. Given the deficiencies in Plaintiff's complaint, the Court concludes that his claims should be dismissed without prejudice, in light of Plaintiff's *pro se* prisoner status.

Accordingly, the Court ORDERS as follows:

1. The Court ADOPTS the report and recommendation (Dkt. No. 7);
2. The complaint is DISMISSED without prejudice for failure to state a claim upon which relief can be granted;
3. Plaintiff's motion to proceed in forma pauperis (Dkt. No. 6) is STRICKEN as moot;
4. The Clerk is DIRECTED to send copies of this order to Plaintiff and to Judge Tsuchida.

DATED this 6th day of November 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE